IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| RICHARD KNADLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANTANDER CONSUMER USA INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION FILE<br>NO. 1:17-cv-00083-JRH-BKE |

**DEFENDAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Defendant Santander Consumer USA Inc. ("Santander" or "Defendant"), by and through counsel, and respectfully files this Motion to Dismiss Plaintiff Richard Knadler's ("Plaintiff" or "Knadler") Complaint pursuant to Fed. R. Civ. P. 8(a), and Fed. R. Civ. P. 12(b)(6). In support thereof, Defendant provides the following memorandum of points and authorities.

## INTRODUCTION

Plaintiff has filed this lawsuit against Santander based on alleged incorrect credit reporting related to status of an automobile loan following repossession of the collateral. Plaintiff attempts to assert claims against Santander for an alleged violation of the Fair Credit Reporting Act ("FCRA"). However, the Complaint

consists only of sparse factual allegations and conclusory legal statements that ultimately fail to state any claim for relief against Santander.

Plaintiff's Complaint fails to state a viable claim for several reasons. First, Plaintiff has failed to assert his claims with the required specificity. His allegations are either formulaic recitations of the elements of a cause of action or legal conclusions regarding the same. Second, the reporting is accurate, and even if Plaintiff was correct regarding the effects of O.C.G.A. 10-1-36, any "legal inaccuracy" does not support liability under the FCRA. As a result, Plaintiff fails to state a claim for relief under FCRA.

Ultimately, none of Plaintiff's claims have any legal merit or are supported by factual allegations that, taken as true, would state a claim for relief. The Complaint is a clear attempt to contrive claims and damages that Plaintiff did not incur, and for which Defendant is not liable. As a result, Plaintiff has fallen short of the necessary standard to properly set forth a claim against Defendants, and the Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL ALLEGATIONS[1]

On or around March 31, 2008, Plaintiff purchased a 2008 Dodge Caravan

---

[1] These "facts" are presented only for purposes of this Motion; Defendant does not admit them by including them here.

using proceeds from a loan agreement with Santander's predecessor in interest. (Compl. ¶¶ 10-12). Plaintiff defaulted on the terms of the loan, and Santander repossessed the vehicle in August of 2012. (Compl. ¶ 14). Following repossession, Santander elected not to pursue a deficiency judgment pursuant to O.C.G.A. § 10-1-36. (Compl. ¶ 15).

Plaintiff alleges that Santander continues to furnish false information to the credit reporting agencies ("CRAs") that Plaintiff owes an outstanding balance on the loan. (Compl. ¶ 17). Plaintiff also alleges that he sent dispute letters to the three major CRAs as well as Santander, but the reports continue to include the delinquent auto loan. (Compl. ¶¶ 19-22).

As a result, Plaintiff claims that Santander violated Sections 1681n(a) and 1681s-2(b) of FCRA and seeks actual and punitive damages.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in a plaintiff's complaint must be accepted as true and construed in the light most favorable to the plaintiff. *See Young Apartments, Inc. v. Town of Jupiter,* 529 F.3d 1027, 1037 (11th Cir. 2008). However, "unsupported conclusions of law or of

mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U. S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1270 (11th Cir. 2009) (*quoting Twombly,* 550 U.S. at 555).

**ARGUMENT**

I. **PLAINTIFF'S SOLE CLAIM FOR VIOLATIONS OF THE FCRA SHOULD BE DISMISSED BECAUSE IT FAILS AS A MATTER OF LAW.**

Plaintiff alleges that Santander violated FCRA, 15 U.S.C. § 1681s-2(b) alleging that "[a]fter Plaintiff's multiple disputes of the debt with the [CRAs] ran its [sic] course, Santander did not conduct a reasonable investigation or correct its report to the [CRAs]." *See* Compl. ¶ 28.

In general, the FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To achieve this purpose, the FCRA places distinct obligations on three types of entities: consumer reporting agencies ("CRAs"), users of credit reports, and furnishers of information to CRAs. *Chipka v. Bank of America,* 355 Fed. App'x 380 (11th Cir. 2009); 15 U.S.C. §§ 1681b, 1681m, and 1682s-2. In this case, Plaintiff has alleged that Defendant Santander is a furnisher of information to CRAs regarding Plaintiff's loan.

With respect to furnishers, Section 1681s-2(b)(1) of the FCRA requires the following:

> After receiving notice of a dispute from the CRA about inaccurate information, a furnisher of information is required to: (1) conduct an investigation with respect to the disputed information; (2) review all of the relevant information provided in the notice from the CRA; (3) report the results of its investigation to the CRA; (4) if the investigation reveals incomplete or inaccurate information, report those findings to the other major CRAs to which it provided the incomplete or inaccurate information; (5) modify, delete, or permanently block the reporting of any information disputed by a consumer that it finds to be inaccurate or that cannot be verified after reinvestigation.

15 U.S.C. § 1681s-(b)(1).

The FCRA also provides consumers with a private right of action against furnishers of information pursuant to 15 U.S.C. § 1681s-2(b). *King v. Asset Acceptance, LLC,* 452 F. Supp.2d 1272 (N.D. Ga. 2006) (for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of the information must have received notice of the dispute from a CRA, not from the consumer). Upon receiving notice of the dispute from the CRA, then Section 1681s-2(b) imposes duties on furnishers of information to investigate disputed information and report the results of any such investigation to the CRA. 15 U.S.C. § 1681s-2(b).

Under that section, plaintiffs (or their attorneys) must directly notify the consumer credit agencies that they dispute their credit report. *See Green v. RBS Nat'l Bank,* 288 Fed. Appx. 641 (11th Cir. 2008). The agencies in turn then notify

the furnisher of the dispute. If a furnisher still refuses to correct the information after notice from the agencies, then a plaintiff can bring suit under § 1681s-2(b).

For a plaintiff to prevail on a FCRA claim pursuant to § 1681s-2(b), he must allege and establish: (i) that he notified the CRA and disputed the completeness or accuracy of the information in the credit report that was furnished by defendant (furnisher); (ii) that the CRA gave notice of plaintiff's dispute to defendant as a furnisher, and (iii) that defendant either (a) failed to conduct a reasonable investigation; (b) failed to review all relevant information provided by the CRA, (c) failed to report the results of its investigation to the CRA, or (d) if an item is disputed by plaintiff was found to be accurate, it failed to modify, delete, or block that item of information. *Henderson v. BAC Home Loans Serv., LP,* No. 1:10-cv-3137-TCB, 2011 WL 10843391 (N.D. Ga. June 29, 2011).

Plaintiff's Complaint fails to state a claim because (1) it fails to allege that Santander received a notice of dispute from any CRA, (2) it includes insufficient factual allegations related to Santander's investigation into the credit dispute, (3) it incorrectly alleges that the credit information related to the auto loan post-repossession was false, and (4) it fails to set forth a basis for damages connected to Santander's alleged violations.

### A. Plaintiff Has Not Alleged that Santander Failed to Conduct a Reasonable Investigation.

Aside from formulaic recitations and legal conclusions, Plaintiff's Complaint is devoid of any facts regarding either what was communicated to Santander by the CRAs or Santander's investigation procedures. Moreover, the Complaint provides no information as to how such investigation was purportedly unreasonable. Rather, Plaintiff provides only the following legal conclusion, "[a]fter Plaintiff's multiple disputes of the debt with the [CRAs] ran its [sic] course, Santander did not conduct a reasonable investigation or correct its report to the [CRAs]." *See* Compl. ¶ 28.

Here, Plaintiff is merely regurgitating the elements of the statute and fails to provide any salient facts to support his claim. Merely parroting the elements of a FCRA claim is insufficient. *See, e.g., Peart v. Shippie*, 345 F. Appx 384, 386 (11th Cir. 2009) (concluding the plaintiff's complaint failed to state a FCRA claim because the plaintiff did not allege that the furnisher of information failed to conduct an investigation into plaintiff's credit history after being notified of a dispute by a CRA); *Eisberner v. Discover Products, Inc.,* 921 F.Supp.2d 946, 949 (E.D. Wis. 2013) (FCRA claim dismissed on the grounds that the "complaint contained no factual allegations about defendants' investigation procedures, and

thus the allegation that the defendants failed to conduct reasonable investigations was another bare legal conclusion.").

Indeed, in this case, Plaintiff has failed to allege specific facts regarding the communications from the CRAs or PNC's investigative procedures, and without alleging such facts the classic "unadorned, the defendant unlawfully harmed me accusation" is insufficient to state a claim. *Tshai Budhi v. BAC Home Loans Servicing, L.P.,* No. 1:11-cv-2785, 2012 WL 1677253, at *6 (N.D. Ga. Apr. 16, 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Again, Plaintiff is merely regurgitating the elements of the statute and fails to provide any salient facts to support his claim.

Thus, because Plaintiff has failed to set forth sufficient allegations to establish that Defendant failed to conduct a reasonable investigation, or any facts regarding Defendant's investigative procedures, Defendant's Motion to Dismiss should be granted and the Complaint dismissed with prejudice.

**B.     Plaintiff fails to explain how the credit reporting is inaccurate.**

In regards to the allegations surrounding Santander's reporting to Experian on the outstanding loan, Plaintiff also fails to establish that the reporting was inaccurate. Indeed, without any further explanation or support, Plaintiff broadly asserts that the reporting of Plaintiff's admitted default and indebtedness was

9

mistaken after the repossession. However, this position does not comport with the actual operation of law.

The fact that Santander did not elect to seek a deficiency judgment after repossessing the vehicle does not mean that the debt is extinguished under Georgia law. "Failure to obtain confirmation does not extinguish the debt; it just limits the creditor's remedies." *Presidential Fin. Corp. v. Snead*, 231 B.R. 823, 825 (Bankr. N.D. Ga. 1999). The Georgia Court of Appeals has also held that "[t]he title to the unpaid notes [is] not altered" by the failure to obtain an order of confirmation. *Marler v. Rockmart Bank*, 146 Ga. App. 548, 548 (1978).

Here, Plaintiff admitted to defaulting on his debt and that the repossession of his vehicle was appropriate. He is merely seeking to avoid the accurate reporting of the fact that he has not repaid the full debt.

Moreover, the FCRA does not require credit furnishers, such as Santander, to make legal determinations on the status of debt. *See Johnson v. Trans Union, LLC*, No. 10-C-6960, 2012WL983793, at *7 (N.D. Ill. Mar 22, 2012), *aff'd*, 524 Fed. App'x. 268 (7th Cir. 2013) (holding that FCRA litigation is not a proper method to resolve a dispute over legal status of a debt). Indeed, the determination of whether a debt is owed for purposes of accurate credit reporting is a pure legal question that the FCRA does not reach. *See Chiang v. Verizon New England Inc.*,

595 F.3d 26 (1st Cir. 2010) (a plaintiff's required showing under § 1681s-2(b) is factual inaccuracy, rather than the existence of disputed legal questions, furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008).  Since Santander's reporting involves a legal determination of the effect of the repossession on collectability of the underlying debt, it cannot form the basis for a claimed violation of the FCRA.

In sum, Plaintiff's liability of the underlying debt has not been extinguished; therefore, he cannot maintain a claim for violation of the FCRA for accurate reporting the amount of his ongoing default, and his claims related to the credit reports in the Complaint must be dismissed for failure to state a claim.

> **C.    Plaintiff Has Failed To Adequately Allege FCRA Causation and Damages.**

The FCRA authorizes two types of civil claims: (i) negligence claims pursuant to 15 U.S.C. § 1681o, and (ii) willful claims pursuant to 15 U.S.C. § 1681n.

Recovery for a negligence claim is limited to the amount of actual damages plus attorneys' fees and costs.  15 U.S.C. § 1681o. *Moore v. Equifax Info. Servs.*, 333 F. Supp.2d 1360 (N.D. Ga. 2004); *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118 (11th Cir. 2006).  Additionally, to prevail on a FCRA claim based on

negligence, a plaintiff must show: (1) that he suffered injury; and (2) that the injury was caused by the inclusion of inaccurate information in his credit report. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160-1161 (11th Cir. 1991). Sufficient allegations of causation and damages are necessary to state a viable claim for a violation of FCRA. *Ray v. Equifax Information Solutions, Inc.*, 327 Fed. Appx 819, 826 (11th Cir. 2009).

On the other hand, courts have general recognized willful claims under the FCRA to encompass a knowing act or reckless disregard. *Safeco Ins. Co. of Am. V. Burr,* 127 S. Ct. 2201 (2007); *Reynolds v. Hartford Fin. Servs. Group, Inc.* 435 F.3d 1081 (9th Cir. 2006) (A willful violation is generally a conscious disregard of the law, which means either knowing that policy or action to be a contravention of the rights possessed by consumers pursuant to FCRA, or in reckless disregard of whether the policy contravened those rights.)  With respect to damages, if the breach is willful, the plaintiff is entitled to recover either actual damages, or statutory damages (from $100-$1000), whichever is greater, in addition to fees and cost.  The court may also impose punitive damages to punish a willful violation of the FCRA.  15 U.S.C. § 1681n.  Importantly, a willful violation requires a high threshold showing that the furnisher acted with reckless disregard – a merely slow

completion of an investigation may be negligent but not willful, instead concealment or deletion of information are examples of willful conduct. *Id.*

After asserting a formulaic recitation of the elements of an FCRA violation, Plaintiff asserts that he has suffered actual damages with a general allegation of paying higher interest rates and inability to obtain financing and credit. However, there is no allegation that Plaintiff's credit report has been accessed by any third parties or that Plaintiff has been denied any credit on the basis of the purported inaccuracies. *See Cahlin*, 936 F.2d at 1160-61 (holding that there must be a causal connection, beyond plaintiff's bare allegations, that there was a denial of credit related to the erroneous report). Moreover, Plaintiff has not alleged any facts that would support a finding that Santander willfully provided inaccurate information or willfully failed to conduct a reasonable investigation. His allegations merely claim that there is information on his reports that is factually inaccurate or that he believes is inaccurate as a matter of law.

As a result, Plaintiff has failed to allege sufficient facts to state a claim for a FCRA violation, and has failed to establish a sufficient causal connection between the reporting, failure to investigate, or failure to correct Plaintiff's credit information that was a substantial factor in causing any alleged injuries. Thus,

Plaintiff has failed to state a claim for a negligent violation under FCRA as a matter of law.

Accordingly, the alternative bases for violation of the FCRA both fail to state a claim upon which relief may be granted and must be dismissed as a matter of law.

## **CONCLUSION**

WHEREFORE, Defendant respectfully requests that this Honorable Court will:

(1)     Grant Defendant's Motion to Dismiss;

(2)     Dismiss the Complaint with prejudice;

(3)     Award Defendant reasonable attorney's fees and costs incurred in having to appear and defend against Plaintiff's allegations asserted in the Complaint; and

(4)     Grant such other and further relief as this Court deems just and proper.

[*signature on following page*]

This 29th day of September, 2017.

        /s/ Jennifer Burbine
        Jennifer R. Burbine
        Georgia Bar No. 167807
        Jarrod S. Mendel
        Georgia Bar No. 435188
        McGuireWoods LLP
        1230 Peachtree Street, NE
        Promenade II, Suite 2100
        Atlanta, Georgia  30309
        (404) 443-5736
        jburbine@mcguirewoods.com

*Attorneys for Defendant Santander Consumer USA Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| RICHARD KNADLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SANTANDER CONSUMER USA INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION FILE<br>NO. 1:17-cv-00083-JRH-BKE |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on September 29, 2017, I electronically filed the foregoing ***Defendant's Motion to Dismiss Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF System that served a true and correct copy of same on all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court

                                                /s/ Jennifer R. Burbine
                                                Jennifer R. Burbine